*United States v. Rizzuto (DeSimone)*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of September, two thousand seventeen.

Present:    ROBERT A. KATZMANN,
                        *Chief Judge*,
              ROBERT D. SACK,
              PETER W. HALL,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                                    No. 16-1293

VITO RIZZUTO, ATHONY URSO, AKA TONY GREEN, JOSEPH CAMMARANO, AKA JOE SAUNDERS, AKA JOE C., LOUIS ATTANASIO, AKA LOUIS HAHA, PETER CALABRESE, AKA PETER RABBIT, ROBERT ATTANASIO, AKA BOBBY HAHA, GENEROSO BARBIERI, AKA JIMMY THE GENERAL, ANTHONY FURINO, AKA ANTHONY BLACK, MICHAEL CARDELLO, AKA MICKEY BATS, LOUIS RESTIVO, SANDRO AIOSA, BALDASSARE AMATO, AKA BALDO, PETER COSOLETO, AKA PETEY BOXCARS, JOSEPH DISTEFANO, AKA JOE SHAKES, GINO GALESTRO, STEPHEN LOCURTO, AKA STEVIE BLUE, ANTHONY NAVARRA, PHILIP NAVARRA, JOHN PALAZZOLO, RICHARD RICCARDI, AKA BIG RICHIE, JOSEPH SABELLA, JOSEPH TORRE, FRANK

AMBROSINO, ANTOHNY BASILE, PATRICK ROMANELLO, AKA PATTY MUSCLES, MICHELE SOTTILE, AKA MIKEY BOOTS, ROBERT ANGEROME,

*Defendants*,

JOSEPH DESIMONE, AKA JOE DESI,

*Defendant-Appellant*.

---

For Defendant-Appellant:    KHALIL EL ASSAAD (James C. Neville, *on the brief*), New York, NY.

For Appellee:    LINDSAY K. GERDES (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant Joseph DeSimone appeals from a final judgment entered by the district court (Garaufis, *J.*) in April, 2016, sentencing him principally to twenty-four months' imprisonment for two counts of violating the terms of his supervised release. DeSimone challenges his sentence as procedurally and substantively unreasonable, contending that the district court erred in failing to adequately explain the basis for his sentence, and in light of the magnitude of its upward departure from the Guidelines' recommended sentencing range and the disparity between DeSimone's sentence and the sentences imposed on other individuals who DeSimone asserts were similarly situated. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our procedural review "requires that we be confident that the sentence resulted from the district court's considered judgment as to what was necessary to address the various, often conflicting, purposes of sentencing." *United States v. Cavera*, 550 F.3d 180, 189–90 (2d Cir. 2008) (en banc). "A district court commits procedural error where," among other things, "it fails adequately to explain its chosen sentence." *Id.* at 190. On appeal, DeSimone contends that the district court did not adequately articulate "the reasons for its imposition of the particular sentence" as required by 18 U.S.C. § 3553(c). Because DeSimone did not raise this argument in the proceedings below, we review his procedural reasonableness argument for plain error. *United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012).

Upon review of the sentencing transcript, we cannot say that the district court committed procedural error, let alone plain procedural error. In explaining its rationale, the district court recounted DeSimone's criminal record, the manner in which DeSimone violated his supervised release and breached the court's trust through his purposeful attendance at and participation in Bonanno crime family leadership meetings, and its conclusion that DeSimone's age and prior incarceration had done nothing to deter his continued association with organized crime figures. Although DeSimone asserts that the district court offered only "generalized comments," Def. Br. 23, each of the facts discussed related specifically to DeSimone and shed light on how the district court assessed his conduct. The explanation provided on the record demonstrates that "the sentence resulted from the reasoned exercise of discretion." *Cavera*, 550 F.3d at 193.

DeSimone's primary substantive unreasonableness argument is that the district court's upward departure from the guidelines range was unwarranted. This argument was expressly waived in the proceedings below, as DeSimone's counsel conceded that he "couldn't argue with a two-year sentence," App. 161, in light of the "indefensible" nature of DeSimone's conduct.

App. 157, 160–62. Even if the argument were not waived, however, DeSimone has failed to satisfy the "heavy burden" he bears "because our review of a sentence for substantive reasonableness is particularly deferential[,] . . . . identifying as substantively unreasonable only those sentences that are so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing them to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)).

DeSimone argues that his is a typical supervised release violation that does not merit the severity of his sentence. Such claims are expressly contradicted by the record. Indeed, the probation officer advised the district court that DeSimone's multiple meetings with the leadership of the Bonanno crime family while on supervised release constituted "the most egregious association violation involving organized crime members" that he had seen. VOSR at 10–11. It appears that the district court agreed with this assessment. Nor did the district court err in its reliance on either Desimone's breach of the court's trust or the conduct underlying DeSimone's original conviction. Both of these factors were properly taken into account by the district court, as contemplated by the Sentencing Commission. *See* U.S.S.G. Chap. 7, Pt. A.3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Nothing in the record suggests that undue weight was placed on either factor.

DeSimone notes that his violation of the terms of his supervisory release was categorized as a Grade C violation under the Sentencing Guidelines, such that revocation of his supervised release was not mandatory. It is of no moment that a further term of incarceration is not *required*

4

for such violations because the Sentencing Commission expressly provided that district courts "may" revoke a term of supervised release under such circumstances. U.S.S.G. § 7B1.3(a)(2). The district court did not abuse its discretion by acting within the plain letter of the Sentencing Commission's recommendations.

Lastly, DeSimone argues that his sentence is substantively unreasonable because it is more severe than the sentences imposed on other members of the Bonanno crime family for violations of their supervised releases. DeSimone concedes that he did not raise this argument at his own sentencing proceeding, and it is therefore "deemed forfeited on appeal unless [it] meet[s] our standard for plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). It does not.

Although 18 U.S.C. § 3553(a)(6) provides that district courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when imposing sentences, "we have repeatedly made clear that 'section 3553(a)(6) requires a district court to consider nationwide sentence disparities'" rather than "'disparities between co-defendants.'" *United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013) (quoting *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008)). Moreover, DeSimone has not demonstrated "a valid basis for a claim of error under 18 U.S.C. § 3553(a)(6)" because he has failed to establish that he is "similarly situated" to the other defendants he has identified in light of their underlying criminal conduct and prior criminal histories. *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

The district court's substantive sentencing determination is entitled to significant deference and may be set aside "only in exceptional cases where [its] decision 'cannot be located

5

within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *Rigas*, 490 F.3d at 238). DeSimone has failed to identify any basis for finding that this is such an exceptional case.

We have considered all of DeSimone's arguments on this appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
